UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IVAN LOPEZ,

      Plaintiff,

     -against-

MNAF PIZZERIA, INC., et al.,

      Defendants.
------------------------------------------------------------x

18-CV-6033 (ALC) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

The Court has reviewed the parties' numerous recent letters at ECF 59, 60, 61, 62, 63, 64, 65, and 66. The parties are directed to meet and confer on issues that arise during this case, explicitly state that they have met and conferred, and detail efforts to resolve the dispute in any further letters submitted, pursuant to the Court's individual practices. Parties are directed not to file any more individual letters, and to only file joint letters going forward.

**I. Discovery**

Discovery in this matter closed on November 1, 2019, after the Court granted a one-week extension. (ECF 49). The Court previously held that because the parties had not shown they had exercised any diligence in pursuing discovery since June 2019, there would be no further extensions to discovery. (*Id*.) This has not changed. To the extent that Defendants have requested a discovery extension, this request is **DENIED**. To the extent Defendants' "Letter Response" in support of their untimely letter motion to compel, which was denied by the Court one day before the response was submitted, can be viewed as a separate motion to compel, this request is also **DENIED**. Plaintiff has represented that all documents responsive to

Defendants' document demands have been provided, and Defendants have not shown why Plaintiffs' supplemental production was insufficient. (*See* ECF 60, 62).

## II. Order to Show Cause

On September 12, 2019, the parties submitted a joint letter stating that Plaintiffs had served various discovery requests, responses to which were due by September 26, 2019. (ECF 42). On October 7, 2019, Plaintiffs submitted a letter explaining that Defendants had not been participating in the discovery process. (ECF 46). Despite the parties having met and conferred and agreed to a discovery schedule, Plaintiffs filed a motion to compel the night of October 16, 2019 because Defendants still had not provided discovery responses. (ECF 50). Defense counsel responded that they had been mailed, but he had written the wrong address and they would be delivered October 17, 2019. (ECF 51). After having received the responses that afternoon, Plaintiffs submitted another letter to the Court explaining that Defendants' responses were still deficient.[1] (ECF 52). On October 22, 2019, the Court granted Plaintiffs' motion to compel.

On October 22, 2019, Defendants were also ordered to show cause why attorney's fees associated with Plaintiffs' motion to compel should not be awarded for failure to adequately respond to Plaintiffs' discovery requests. (ECF 55). On November 1, 2019, Defendants submitted a letter stating that all remaining discovery had been provided to Plaintiff, and accordingly, the Court's order to show cause should be deemed satisfied. (ECF 61).

Rule 37, which governs the failure to make disclosures or to cooperate in discovery provides that:

> If [a] motion [to compel] is granted – or if the disclosure or requested discovery is

---

[1] Defendants had not provided responses to numerous discovery requests and, in one case, responded to Plaintiffs' interrogatories by "scribbling in the margins as a substitute for preparing formal responses." (ECF 52).

provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expense incurred in making the motion, including attorney's fees. But the court must not order this payment if:

  (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
  (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
  (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Merely stating that all outstanding discovery had been provided does not serve as a justification for Defendants' failure to provide said discovery in a timely manner throughout this case. Defendants must submit a response to this Court's order to show cause by **November 15, 2019** specifically addressing the factors in Rule 37(a)(5)(A). Failure to do so may result in a finding that no such justification existed and may also result in an award for attorney's fees associated with Plaintiffs' motion to compel in the amount detailed by Plaintiff at ECF 65.

### III. Settlement

The Court will hold a **Pre- Settlement Conference Scheduling Call on Thursday November 14, 2019 at 2:30 p.m.** Parties must call Chambers at 212-805-0260 when all counsel are on the line. Parties **are directed** to exchange updated settlement demands before the conference in order to aid the Court in determining whether holding a settlement conference will be productive. To the extent that Defendants' letter at ECF 66 can be construed as a

request to be relieved of that obligation, that request is denied.

**SO ORDERED.**

Dated: November 12, 2019  
      New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge