UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
IVAN LOPEZ, et al.,
:
:
:
Plaintiffs,                         :         18-CV-6033 (ALC) (OTW)
:
-against-                           :         **OPINION & ORDER**
:
MNAF PIZZERIA, INC., et al.,                 :
:
Defendants.                         :
:
:
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

I. **Introduction**

Plaintiffs Ivan Lopez ("Lopez") and Kevin Campos ("Campos") (collectively "Plaintiffs") filed claims against their former employer MNAF Pizzeria, Inc. and Musa Nesheiwat (collectively "Defendants") alleging violations of the Fair Labor Standard Act ("FLSA") and New York Labor Law ("NYLL").

Before the Court now is Plaintiffs' motion to strike the jury demand. (ECF 37). For the following reasons, Plaintiffs' motion is **GRANTED**.

II. **Background**

A. **Factual History[1]**

Defendants are a pizzeria and "its owner or part owner and principal", and Plaintiffs are former employees who worked at the pizzeria as delivery persons. (ECF 33 ¶¶ 4-12, 18). Lopez was employed at the pizzeria from approximately January to November 2014, and Campos

---
[1] The facts below are as alleged in Plaintiff's first amended complaint ("FAC"). (*See* ECF 33).

from approximately August 2015 to September 2017. (*Id*. ¶¶ 16-17). Plaintiffs allegedly worked six days per week and more than forty hours total per week. (*Id*. ¶¶ 21-23). Plaintiffs were paid five dollars per hour regardless of the numbers of hours they worked, but received tips for their delivery work. (*Id*. ¶¶ 25-28). Plaintiffs did not receive paystubs or wage statements. (*Id*. ¶ 37). Defendants did not provide information regarding tip credits, did not keep complete records of tips received by Plaintiffs, and would routinely retain a portion of tips earned. (*Id*. ¶¶ 29-31). Additionally, Plaintiffs incurred expenses for various costs associated with their delivery vehicles, but did not keep records of the expenses because "defendants did not ask or tell [them] to keep records[.]" (*Id*. ¶¶ 33-35).

Plaintiffs allege nine counts against Defendants for violations of the FLSA and NYLL. (*Id*. ¶¶ 47-99). The counts are for violations of: (1) the FLSA for failure to pay minimum wage; (2) NYLL for failure to pay minimum wage; (3) the FLSA for failure to pay overtime compensation; (4) NYLL for failure to pay overtime; (5) NYLL for failure to pay the "spread of hours" premium; (6) NYLL for illegal tip retention; (7) NYLL for unlawful deductions; (8) NYLL for failure to pay wages; and (9) NYLL for failure to provide required wage notices and weekly wage statements. (*Id*.)

### B. Procedural History

Plaintiff Lopez improperly filed his initial complaint ("Complaint") on July 3, 2018, and properly filed it on July 6, 2018. (ECF 1; ECF 6). The Complaint contained six counts alleging violations of the FLSA and NYLL. (ECF 1 ¶¶ 33-65). The counts were as follows: (1) violation of the FLSA for failure to pay minimum wage; (2) violation of the FLSA for failure to pay overtime compensation; (3) violation of NYLL for failure to pay minimum wage; (4) violation of NYLL for

2

failure to pay overtime compensation; (5) violation of NYLL for failure to pay the "spread of hours" premium; and (6) violation of NYLL for failing to provide wage notices and weekly wage statements as required by the Wage Theft Prevention Act. (*Id*. ¶¶ 33-65). Defendants filed an answer on July 25, 2018. (ECF 11). The answer did not contain a jury demand. (*Id*.) On December 13, 2018, Defendants filed a proposed order for substitution of counsel, which was granted on December 26, 2018. (ECF 17; ECF 19).

Upon Lopez's request for a pre-motion conference, the Honorable Andrew L. Carter, Jr. set a briefing schedule for Plaintiff's motion to amend his complaint. The motion to amend was due by February 19, 2019, with Defendants' opposition by March 8, 2019, and Plaintiff's reply by March 15, 2019. (ECF 21). On February 19, 2019, Lopez filed his motion to amend the complaint to add additional claims and to add an additional party, Campos. (ECF 22). Defendants did not file an opposition, and Judge Carter issued an order to show cause why Plaintiff's motion should not be deemed unopposed, with Defendants' response due by April 19, 2019. (ECF 26). On April 22, 2019, after Defendants failed to respond to that order, Plaintiff filed a follow-up letter seeking sanctions, and Defendants finally responded on April 25, 2019, stating that they did not object to Plaintiff's motion. (ECF 27; ECF 28). Plaintiff responded to Defendants' letter stating that he wished to get the case back on track and withdrawing any request for sanctions to avoid further delays. (ECF 29). On April 25, 2019, Judge Carter granted Plaintiff's motion to amend. (ECF 30).

On May 1, 2019, Plaintiffs Lopez and Campos filed their FAC. (ECF 33). The FAC added Campos and contained the eleven counts listed above. On May 31, 2019, Defendants filed their answer with a jury demand. (ECF 35). On July 12, 2019, Plaintiffs filed a motion to strike the jury

3

demand. (ECF 37). Defendants filed their opposition on July 26, 2019, and Plaintiffs filed their reply on August 2, 2019. (ECF 39; ECF 40).

III. **Legal Standard**

Rule 38 of the Federal Rules of Civil Procedure provides in relevant part:

(a) **Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute – is preserved to the parties inviolate.

(b) **Demand**. On any issue triable of right by a jury, a party may demand a jury trial by:

(1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and

(2) filing the demand in accordance with Rule 5(d).

(c) **Specifying Issues**. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may – within 14 days after being served with the demand or within a shorter time ordered by the court – serve a demand for a jury trial on any other or all factual issues triable by jury.

(d) **Waiver; Withdrawal**. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed. R. Civ. P. 38(a) – (d).

"Under Rule 38(d), the failure to demand a jury trial within the period designated by Rule 38(b) constitutes a waiver of that right as to all issues raised in the complaint." *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973) (citing *Western Geophysical Co. of America, Inc. v. Bolt Associates, Inc.*, 440 F.2d 765, 769 (2d Cir. 1971). "A [w]aiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the

explanation or excuse." *Washington v. New York City Bd. Of Estimate*, 709 F.2d 792, 798 (2d Cir. 1983) (citation omitted). "If the original complaint is subsequently amended, the right to demand a jury trial is revived in an action such as this only if the amendment changes the issues." *Lanza*, 479 F.2d at 1310. "[I]t is well settled that an amendment does not revive a right previously waived to demand a jury trial on issues already framed by the original pleadings." *American Home Products v. Johnson & Johnson*, 111 F.R.D. 448, 450 (S.D.N.Y. 1986). "[E]very amended pleading contains some new material. However it does not necessarily follow that the issues have changed." *Id*.

An "'issue' means something more than the evidence offered and the legal theories pursued." *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir. 1980); *see also Lastra v. Weil, Gotshal & Manges LLP*, No. 03-cv-8756, 2005 WL 551996, at *2 (S.D.N.Y. Mar. 8, 2005) (holding that the concept of a "new issue" "encompasses an inquiry as to whether the amendment changes 'the character of the suit,' or the ultimate issue for decision.") (citation omitted). "At the very least . . . a 'new issue' does not exist unless there is a factual determination to be made by the jury that falls outside the matrix of fact already covered in the pleadings." *Virgin Air, Inc. v. Virgin Atlantic Airways, Ltd.*, 144 F.R.D. 56, 58 (S.D.N.Y. 1992).

IV. <u>**Analysis**</u>

Here, it is undisputed that Defendants failed to timely demand a jury trial in their answer to Plaintiffs' original complaint. Thus, the question is whether any new issues were raised in Plaintiffs' FAC. I find that there were not.

The crux of Defendants' argument appears to be that the addition of three new counts and one additional party raised sufficient new issues to warrant a renewed demand for a jury trial. They assert, without citing any case law in support, that the addition of Campos entitles them to renew their demand for a jury trial because facts specific to *him* are necessarily distinct from those that would support claims brought by Lopez. (*See* ECF 39 at 4 ("It is also clear that the amended pleadings by Kevin Campos involved new facts that were not involved with the issued [sic] framed by the original pleading by Ivan Lopez.")). The one case they do cite, *Rosen v. Dick*, states, "when the parties are the same before and after an amended pleading, it is difficult to show that a new issue has been raised." 639 F.2d at 94. It does *not* hold that the addition of new parties is sufficient to satisfy the requirement that new *issues* have been raised. Indeed, this district has expressly found that the "addition of a new party does not revive a jury trial demand." *Virgin Air, Inc.*, 144 F.R.D. at 58; *see also Suneblick v. Harrell*, 145 F.R.D. 314, 317 (S.D.N.Y. 1993). Accordingly, the addition of Campos does not, by itself, create a new issue that would warrant a renewed jury demand.

Regarding the counts alleged, Plaintiffs' FAC largely asserts the same claims arising out of the FLSA and NYLL against Defendants that were asserted in the original complaint. The three counts added to the FAC for unlawful tip retention, unlawful deductions, and failure to pay wages change neither the character of the suit (which sounds in the FLSA and NYLL), nor the ultimate issues for decision (whether Defendants properly paid wages and provided adequate notices to their employees). Accordingly, Defendants' untimely jury demand, first asserted in their answer to Plaintiffs' FAC, is stricken.

V. **Conclusion**

Because the FAC does not raise new issues, Plaintiffs' motion to strike Defendants' jury demand is **GRANTED**.

The Clerk is respectfully directed to close ECF 37.

Respectfully submitted,

*s/ Ona T. Wang*

Dated: April 13, 2020
New York, New York

**Ona T. Wang**
United States Magistrate Judge