# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Christopher S. Martone, ESQ
Martone & Associates, LLC
2500 Lemoine Avenue
Fort Lee, New Jersey 07024
Tel. 201-944-5004
Fax 201-334-5838
Email:martonelaw@gmail.com
Attorney for Defendants

| | |
|---|---|
| Ivan Lopez and Kevin Campos | Civil Action No. 1:18-cv-06033-ALC |
| Plaintiff(s) | Memorandum of Law in Opposition to Plaintiffs Motion for Partial Summary Judgment |
| vs. | |
| MNAF Pizzeria Inc. d/b/a Sal's Pizzeria and Musa Nesheiwat | |

## **Preliminary Statement**

Defendant MNAF Pizzeria respectfully submits this memorandum of law in opposition to the Plaintiffs' Motion for partial summary judgment. The plaintiffs allege that they are entitled to partial summary judgment under Fed. R.Civ. P. 56. Discovery through depositions has clearly established that there is a genuine issue of material fact regarding all of the plaintiffs' claims against the defendant. Based on the genuine issue of material facts, the plaintiffs claims for partial summary judgment should be denied and the full case should be brought to the trial in front of the trier of fact.

# LEGAL ARGUMENT

## I. Legal Standard for Summary Judgment.

"The issue of this case was whether petitioner-defendant Celotex Corp.'s attempted showing that the respondent-plaintiff had put forth inadequate evidence showing that her husband had been exposed to Celotex asbestos was a sufficient basis on which to grant summary judgment. Some have interpreted the decision as shifting the burden of proof for summary judgment from the moving party ("movant") to the respondent (facially challenging <u>Adickes v. S.H. Kress Co.</u> (1970), though the Court did not technically overrule *Kress*, and in fact attempted to reconcile the *Celotex* decision with the former case).[2] *Celotex* affirmed that the movant still must "show" the respondent does not have enough evidence to make out a *prima facie* case (for example, by pointing out specific discovery responses where the respondent admits a lack of evidence)." **Celotex Corp. v. Catrett**, 477 U.S. 317 (1986).

In, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), is a <u>United States Supreme Court</u> case articulating the standard for a trial court to grant <u>summary judgment</u>. "Summary judgment will lie when, taking all factual inferences in the non-movant's favor, there exists no genuine issue as to a material fact and the movant deserves judgment as a matter of law. Because courts almost always cite *Liberty Lobby* in their opinions for the standard regarding motions for summary judgment, *Liberty Lobby* is the most quoted Supreme Court case."

"Genuine issue" of "material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, *Ml* U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In, **Matsushita Electric Industrial Co. v. Zenith Radio Corp.**, 475 U.S. 574 (1986), was an antitrust case decided by the Supreme Court of the United States. "It raised the standard for surviving summary judgment to unambiguous evidence that tends to exclude an innocent interpretation."

The circumstances of the case at bar do not warrant relief pursuant to Rule 56 because between the plaintiffs position and evidence and the defendants position and evidence there is a genuine issue of material fact.

## II.     Defendants were plaintiffs' employees.

In this case, the defendants do not dispute that the plaintiffs were employees. However, the defendants dispute the time period of employment that is claimed by the plaintiffs.

## III.    Plaintiffs were not covered employees under FLSA.

In the case at bar, the plaintiffs claim that defendants engaged in enterprise commerce. The Plaintiffs stated that **"Defendants admit that they operated in interstate commerce, and that they sold name brand beauty products"**. Clearly the plaintiffs' attorney is confusing this case with a different case. As we know, the defendants are a pizzeria which is a food business. The defendants do not sell name brand beauty products. Moreover, the defendants' pizzeria is located in the Bronx, NY and there commerce is exclusive in New

York City. The defendants never admitted to selling name brand beauty products interstate.

"Enterprises engaged in commerce or in the production of goods for commerce' means an enterprise which has employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods that have been moved in or produced for commerce by any person". Brennan *v.* Arnheim & Neely, Inc., 410 U.S. 512.

Clearly there is a genuine issue of material fact and the plaintiffs have failed to establish that they are covered under the FLSA.

### IV. Plaintiffs are not entitled to summary judgment as to liability on their FLSA and NYLL Minimum Wage claims.

Defendant Musa Nesheiwat's testimony and the testimony of the plaintiffs Ivan Lopez and Kevin Campos clearly show that the wages were above minimum wage and therefore there were no violations of the FLSA and NYLL with regards to minimum wage. Moreover the defendants have submitted a declaration of Salas Vazquez. Mr. Vazquez was the pizzeria manager of both defendants and he confirmed that both defendants were making more than minimum wage. Mr. Vazquez is prepared to testify at the trial regarding these facts. It is clear that there is a genuine issue of material fact and the plaintiff motion for summary judgment regarding FLSA and NYLL minimum wage should be denied.

### A. Defendants are entitled to take advantage of the tip credit under FLSA.

"Section 3(m) of the FLSA, 29 U.S.C. § 203(m), allows an employer to pay tipped employees an hourly rate less than the federal minimum wage, by allowing them to credit a portion of the actual amount of tips received by the employee against the required hourly minimum wage. *See* 29 U.S.C. § 203(m). The employer may take advantage of the tip credit if two conditions are satisfied: (1) the tipped employee "has been informed by the employer of the provisions of this subsection," and (2) "all tips received by such employee have been retained by the employee". Chung v. New Silver Palace Restaurant, Inc., 246 F. Supp. 2d 220 (S.D.N.Y. 2002).

In the case at bar, there is undisputed testimony that the plaintiffs were informed by the defendants that there were tipped employees. Moreover, the testimony from the plaintiffs confirmed that the tips were all retained by them and not shared with other employees. Based on the party depositions, it is clear that the defendants are entitled to take advantage of the tip credit under the FLSA. At a minimum, there exists a genuine issue of material fact and the plaintiffs motion for summary judgment regarding the exclusion of the tip credit under the FLSA should be denied.

### B. Defendants are entitled to take advantage of the tip credit under NYLL.

"Although an employee suing for lost wages bears "the burden of proving that [s]he performed work for which [s]he was not properly compensated," that burden is lessened when the employer fails to comply with its record-keeping obligations. Anderson v. Mt. Clemens Pottery Co.,

"Specifically, employers must maintain records showing, inter alia, (1) total daily and weekly hours employees worked, (2) regular hourly rates of pay for each week in which overtime compensation is due, (3) total daily and weekly earnings, (4) total wages paid, (5) total weekly premium pay for overtime hours, and (6) dates of payment. See 29 C.F.R. §§ 516.2, .28; N.Y. Comp. Codes R. Regs. tit. 12, §§ 137-2.1, -2.2. 8 U.S. 680, 687 (1946)". Lanzetta v. Florio's Enterprises, Inc., United States District Court, S.D. New York Jan 25, 2011 763 F. Supp. 2d 599 (S.D.N.Y. 2011).

In the case at bar, the defendants provided time cards with the weekly hours worked, hourly rates, total earnings and total wages paid. This time cards were offered as exhibits during the depositions of Ivan Lopez and Kevin Campos. The plaintiffs position regarding

At a minimum, there exists a genuine issue of material fact and the plaintiffs' motion for summary judgment regarding the exclusion of the tip credit under the FLSA should be denied. the tip credit is in contrast to the defendants position.

### V. Defendants did not violate the overtime provisions of the FLSA and NYLL with respect to Plaintiffs.

Defendant Musa Nesheiwat's testimony and the testimony of the plaintiffs Ivan Lopez and Kevin Campos clearly show that there were no overtime employment violations and therefore there was no liability pursuant to the FLSA and NYLL with regards to overtime pay. Moreover the defendants have submitted a declaration of Salas Vazquez. Mr. Vazquez was the pizzeria manager of both defendants and he confirmed that there were no overtime pay

violations. Mr. Vazquez is prepared to testify at the trial regarding these facts. It is clear that there is a genuine issue of material fact and the plaintiffs' motion for summary judgment regarding FLSA and NYLL overtime pay should be denied.

### VI. Plaintiffs are not entitled to summary judgment as to liability on their NYLL claims for Spread of Hours compensation.

The New York's spread of hours law provides that hourly, nonexempt employees whose workday begins and ends more than 10 hours apart are owed an extra hour of pay, known as a Spread of Hours rate.

Defendant Musa Nesheiwat's testimony and the testimony of the plaintiffs Ivan Lopez and Kevin Campos clearly show that there were no spread of hours violations and therefore there was no liability pursuant to the NYLL with regards to spread of hours pay. Specifically Kevin Campos testify that he worked evenings and essentially he was a part time work. Furthermore, Campos testify that Ivan Lopez worked the day shift and he did not work the evenings. Moreover the defendants have submitted a declaration of Salas Vazquez. Mr. Vazquez was the pizzeria manager is prepared to testify at the trial regarding these facts. It is clear that there is a genuine issue of material fact and the plaintiffs' motion for summary judgment regarding NYLL spread of hours pay should be denied.

## VII. Plaintiffs are not entitled to Compensation because there were no unlawful deductions from their pay.

"Under the FLSA, an employer may not shift the cost of purchasing "tools of the trade" to an employee if "the cost of such tools cuts into the minimum or overtime wages required to be paid him under the [FLSA]." 29 C.F.R. § 531.35; see also Tian v. Ollies 42nd LLC, No. 15 Civ. 5499, 2016 WL 6900684, at *2 (S.D.N.Y. Nov. 22, 2016), ORTEGA v.JR PRIMOS 2 RESTAURANT CORP, 2017 WL 2634172.

In the case at bar, the plaintiffs testimony clearly stated that there were not suing for tools of trade expenses. Specifically Ivan Lopez testified that his only claim was for his hours. There were no tools of trade expenses which cut into the minimum wage pay of the plaintiffs. The testimony of Ivan Lopez also revealed that he would average over $100.00 per day at the Pizzeria. It was clear from the depositions that the plaintiffs always made more than minimum wage and therefore no unlawful deductions from their pay.

There was also testimony from both Ivan Lopez and Kevin Campos that they made many deliveries by foot. Regarding their claims for automobile gas and parking tickets, these claims have no merit and should not be considered during the trial. The testimony of Musa Nesheiwat and Salas Vazquez will also confirm that there were no unlawful deductions which affected the plaintiffs pay.

It is clear that there is a genuine issue of material fact and the plaintiffs' motion for summary judgment regarding unlawful deductions should be denied.

**VIII. Plaintiffs are not entitled to an Award of Liquated Damages on their FLSA Minimum wage and overtime claims and on their NYLL Minimum wage and overtime claims.**

Under 216(c), an employer who violates the compensation provisions of the Act is liable for unpaid wages "and an additional equal amount as liquidated damages." 16(c) of the FLSA, 29 U.S.C. § Under §$^4$ 260, liquidated damages may be remitted "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [Act]." Reich vs. S. New Eng. Telecommc'ns Corp., 121 F. 3d (2nd Cir. 1997).

In the case at bar the defendants have established that there is a genuine issue of material fact regarding the plaintiffs' alleged violations of the FLSA and NYLL and that the issue should be decided at trial. Even in the event that the plaintiffs could prove their claims, the defendants would still have the opportunity to show that they did not act in bad faith and that liquated damages are not justified. There is clearly a genuine issue of material fact regarding the conduct of the defendants and therefore the plaintiffs' motion for summary judgment regarding liquated damages should be denied.

### IX. Plaintiffs are not entitled to an Award of prejudgment interest on their NYLL claims.

"In contrast, liquidated damages under the Labor Law "constitute a penalty" to deter an employer's willful withholding of wages due. Carter v. Frito-Lay, Inc., 74 A.D.2d 550, 425 N.Y.S.2d 115, 116 (1st Dep't 1980), aff'd., 52 N.Y.2d 994, 438 N.Y.S.2d 80, 419 N.E.2d 1079 (1981).

In order to be award prejudgment interest, the plaintiffs would first need to be successful on their claim for liability under NYLL. The defendants' position is in contrast with the plaintiffs claims and the NYLL claims should be decided at the trial.

In the event that the plaintiffs are successful on their NYLL claims, prejudgment interest on the NYLL claim should be denied because there is no evidence which shows willful withholdings of wages on the part of the defendants.

There is clearly a genuine issue of material fact regarding any willful conduct on the part of the defendants and therefore the plaintiffs' motion for summary judgment regarding prejudgment interest on their NYLL claims should be denied.

### X. Plaintiffs are not entitled to Summary Judgment on their Wage Theft Prevention Act claims.

The **Wage Theft Prevention** Act (WTPA) took effect on April 9, 2011. The law requires employers to give written notice of **wage** rates to each new hire. The defendants have submitted declarations from the Owner and the manager regarding the notice of wages. The

deposition testimony of Musa Nesheiwat also covers the conversations regarding the plaintiffs' wages.

In the plaintiffs' motion papers, they reference "**Mr. Nunez is entitled to recover damages**". Clearly the plaintiffs' attorney is confusing this case with a different case. As we know, there is no employee plaintiff names Nunez.

The plaintiffs claim that the defendants did not provide notices, however the defendants claim they did provide notice. Clearly there is a geniue issue of material fact which should be decided at the Trial. The plaintiffs' motion for summary judgment regarding Wage Theft Prevention should be denied.

### XI. Plaintiffs are not entitled to an Award of Reasonable Attorney's Fees and Costs.

"When items are insufficiently itemized or not supported by an explanation as to why such expenditures were necessary, the court may reduce the total amount awarded based on the court's estimate of those expenditures, *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Co.*, 95 F.3d 153, 173 (2d Cir. 1996).

In order to be award reasonable attorneys' fees and costs, the plaintiffs would first need to be successful on their claims. The defendants' position is in contrast with the plaintiffs claims and all of the claims should be decided at the trial.

In the event that the plaintiffs are successful on their claims, reasonable attorney's fees and costs on their claims should only be granted based on the case law cited above.

However based on the paper discovery, depositions and motion submissions, it is clear that there is a genuine issue of material fact for all of the plaintiffs' claims. The plaintiffs claims should be decided at the Trial.

## CONCLUSION

For the reasons set forth above, Defendants respectfully requests that this Court deny the Plaintiffs' motion for partial summary judgment

Respectfully Submitted,

By_____
Christopher Martone, Esq.

Dated: July 3, 2020