UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
IVAN LOPEZ and KEVIN CAMPOS,

                                    **Plaintiffs,**

      -against-

MNAF PIZZERIA, INC. and MUSA
NESHEIWAT,

                                    **Defendants.**
------------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/30/2023

18-cv-06033 (ALC)

<u>OPINION AND ORDER</u>

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiffs Ivan Lopez ("Mr. Lopez") and Kevin Campos ("Mr. Campos) (collectively, "Plaintiffs") bring this action against MNAF Pizzeria, Inc. ("MNAF") and Musa Nesheiwat ("Mr. Nesheuwat") (collectively, "Defendants") asserting claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190, 650 *et seq.*, and the New York Wage Theft Prevention Act, N.Y. Lab. Law § 195. Plaintiffs bring the following claims: (1) minimum wage claim under the FLSA ("Count I"); (2) minimum wage claim under the NYLL ("Count II"); (3) overtime claim under the FLSA ("Count III"); (4) overtime claim under the NYLL ("Count IV"); (5) spread of hours claim under the NYLL ("Count V"); (6) illegal tip retention under the NYLL ("Count VI"); (7) unlawful deduction claim under the NYLL ("Count VII"); (8) failure to pay wages claim under the NYLL ("Count VIII"); and a (9) New York Wage Theft Protection Act claim ("Count IX").

      On March 25, 2021, the Court issued an Opinion & Order granting in part and denying in part the Plaintiff's motion for partial summary judgment ("the Summary Judgment Opinion"). ECF No. 98.

A bench trial was held on July 11 and July 13, 2022 to resolve factual issues related to damages as to Count I, Count II, Count III, Count IV, Count VII, and Count IX, including liquidated damages. The bench trial also addressed Plaintiffs' spread of hours claim under the NYLL (Count V), illegal tip retention claim under the NYLL (Count VI), and failure to pay wages claim under the NYLL (Count VIII). This opinion constitutes the Court's findings of fact and conclusions of law after trial pursuant to Fed. R. Civ. P. 52(a).

## I. Procedural Background

Plaintiff Lopez filed the initial complaint on July 6, 2018. ECF No. 1. On May 1, 2019, Plaintiffs filed an amended complaint, which added Plaintiff Campos. ECF No. 33. On May 18, 2020, Plaintiffs moved for partial summary judgement as to liability. ECF No. 82. On March 25, 2021, the Court entered its opinion and order granting in part and denying in part Plaintiffs' motion for partial summary judgment. ECF No. 98.

## II. Findings of Facts

Defendant MNAF Pizzeria is a New York Corporation that operates a pizzeria called Sal's Pizzeria, located at 3167 Bainbridge Ave., in the Bronx, New York. Decl. of Ivan Lopez ("Lopez Decl.") ECF No. 131 ¶ 4; Decl. of Kevin Campos ("Campos Decl."), ECF No. 131-1 ¶ 4. Defendant Musa Nesheiwat was the 49% owner of MNAF Pizzeria since 2011. Affidavit of Musa Nesheiwat for Direct Testimony at Trial ("Nesheiwat Aff."), ECF No. 129 ¶ 4. Defendant Nesheiwat hired both Plaintiffs, set their schedule and pay, and sometimes paid them. Lopez Decl. ¶¶8-9; Campos Decl. ¶ 7.

Plaintiff Ivan Lopez was employed by MNAF Pizzeria as a delivery person. Lopez Decl. ¶ 5. Mr. Lopez worked for Sal's Pizzeria from January 2014 through November 2014, and then again from May 2015 to mid-October 2017. Lopez Decl. ¶¶ 6-7; Trial Transcript ("Tr.") at 10:9-11,

28:25-29:2, 195:15-196:13. Defendants do not have any records showing the start or end dates of Mr. Lopez's employment. Designated Deposition Transcript of Musa Nesheiwat ("Nesheiwat Dep. Tr."), ECF No. 133-1 at 35:13-36:16.

Mr. Lopez generally worked a regular schedule during his employment at MNAF Pizzeria. Lopez Decl. ¶¶ 11-12. Mr. Lopez was given no formal breaks during his workday. Tr. at 29; Lopez Decl. ¶ 11. Although Mr. Lopez testified that his regular schedule was from 11:00 a.m. to 11:00 p.m. on Monday through Saturday, Lopez Decl. ¶ 11, Plaintiff Kevin Campos testified that Mr. Lopez got in before him and that Mr. Lopez would work "the earlier part of the day" and Mr. Campos "did the evenings." Exhibit F, Designated Deposition Transcript of Kevin Campos ("Campos Dep. Tr.), ECF No. 134 at 46:20-47:2. Therefore, the Court finds that Mr. Lopez worked from 11:00 a.m. to 5:00 p.m. on Monday through Thursday, and 11:00 a.m. to 11:00 p.m. on Friday and Saturday. Lopez Decl. ¶¶ 11-12.

The Court therefore finds that Mr. Lopez regularly worked roughly 48 hours per week. Lopez Decl. ¶ 12. Mr. Lopez regularly worked two shifts per week that lasted longer than ten hours between the start time and the end time. Lopez Decl. ¶ 11. Mr. Lopez was paid $5.00 per hour during his employment at MNAF Pizzeria. Tr. at 85-86; Lopez Decl. ¶¶ 15-16.

Mr. Lopez was not paid "time and a half" by Defendants at any point during his employment with Defendants. Lopez Decl. ¶ 19. Mr. Lopez was not paid a "spread of hours" premium by Defendants at any point during his employment with Defendants. Lopez Decl. ¶ 20. He was paid partly by cash and partly by check. Lopez Decl. ¶ 17. Mr. Lopez did not receive paystubs. Lopez Decl. ¶ 18.

Plaintiff Kevin Campos was employed by MNAF Pizzeria as a delivery person. Campos Decl. ¶ 5. Mr. Campos worked for Sal's Pizzeria from August 2015 through September 2017. Tr.

at 83, 105, 129, 152:24, 154; Campos Decl. ¶ 6. Defendants do not have any records showing the start or end dates of Mr. Campos's employment. Nesheiwat Dep. Tr. at 58:25-59:10. Mr. Campos was given no formal breaks during his workday, and he had to eat between deliveries. Campos Decl. ¶ 11, Tr. at 120. Mr. Campos generally worked a regular schedule during his employment at MNAF Pizzeria. Campos Decl. ¶¶ 9-10. The Court finds that Mr. Campos' regular schedule was from 5:00 p.m. to 11:00 p.m. on Monday through Thursday, and 11:00 a.m. to 11:00 p.m. or later on Sunday. Campos Decl. ¶¶ 9-10; Tr. at 96:25-97:8.

Mr. Campos regularly worked roughly at least 36 hours per week, though he would work more in some weeks. Campos Decl. ¶ 12. Mr. Campos regularly worked one shift per week that lasted longer than ten hours between the start time and the end time. Campos Decl. ¶ 10. Mr. Campos was paid $5.00 per hour during his employment at MNAF Pizzeria. Campos Decl. ¶¶ 14-15; Tr. at 85-86. Mr. Campos was not paid "time and a half" by Defendants at any point during his employment with Defendants. Campos Decl. ¶ 18. Mr. Campos was not paid a "spread of hours" premium by Defendants at any point during his employment with Defendants. Campos Decl. ¶ 19. Mr. Campos was paid in cash and he did not receive paystubs. Campos Decl. ¶¶ 16-17. The Court also finds Defendants failed to pay Mr. Campos for his last week of work, which amounted to $130 for that week. Campos Decl. ¶ 22; Tr. at 130.

Mr. Campos and Mr. Lopez sometimes covered for each other, but Defendants have no records reflecting that. Nesheiwat Dep. Tr. at 62:11-63:2. Defendants did not accurately record the hours Mr. Lopez and Mr. Campos worked. When Mr. Lopez first worked for Defendants, the Defendants did not have a time clock. Later, they installed one, but it was not always used. Lopez Decl. ¶¶ 13-14; Campos Decl. ¶ 13. Mr. Lopez and Mr. Campos would sometimes record their hours on a piece of paper, but Defendants did not retain those pieces of paper. Campos Decl. ¶ 13.

Nesheiwat Dep. Tr. at 64:21- 65:15. Mr. Lopez's timecards were inaccurate, in part because he was instructed not to punch in all the time, and in part for unexplained reasons. Tr. at 22; Lopez Decl. ¶ 14; Nesheiwat Dep. Tr. at 44:19-45:2, 52:2-6, 92:17-94:17 and Dep. Ex. 2, 94:24–96:18 and Dep. Ex. 3, 98:4-7, 111:25-113:10 and Dep. Ex. 5.  Mr. Campos's timecards were inaccurate, in part because he did not use his timecard every day. Campos Decl. ¶ 13.

Plaintiffs were never informed of the details of a "tip credit." All they were told was that they would receive their pay and tips. Lopez Decl. ¶ 10; Campos Decl. ¶ 8; Nesheiwat Dep. Tr. at 78:21-79:2. Both Plaintiffs received tips when they made deliveries. Although they received all of the cash tips given to them directly by customers, Defendants only gave them a portion of the tips that customers left on credit cards, keeping the rest, which amounted to at least $25 per week retained by MNAF. Lopez Decl. ¶ 21; Campos Decl. ¶ 20; Tr. at 11-13, 100.

Plaintiffs also incurred expenses of at least $25 per week for gas when they made deliveries as part of their job for MNAF. Lopez Decl.¶ 22; Campos Decl. ¶ 21. Neither Plaintiff was reimbursed for expenses when they made deliveries as part of their job for MNAF. Lopez Decl. ¶ 22; Campos Decl. ¶ 21; Nesheiwat Dep. Tr. at 102:21-103:19; Tr. at 24-25, 101. Plaintiffs were never provided with a written wage notice describing their regular and overtime rates of pay, their regular paydays, allowances, the regular pay day, and the name and contact information of the employer, and were not asked to sign any notice or paperwork. Lopez Decl. ¶ 23; Campos Decl. ¶ 23.

Defendant MNAF does not have records of the pay Plaintiffs received. Nesheiwat Dep. Tr. at 26:20-27:3, 65:22-24. Defendant MNAF does not have records of the tips Plaintiffs received. Nesheiwat Dep. Tr. at 80:6-12, 81:19-82:11.

### III. Conclusions of Law

As discussed in the Summary Judgment Opinion, the Court has already found that Plaintiffs qualify as covered employees under the FLSA and the NYLL and Defendant Nesheiwat is personally liable for the Plaintiffs' claimed violations of the FLSA and the NYLL. *See* ECF No. 98 at 8-10. The Court also found that Defendants cannot claim a tip credit and that that they were liable as to Plaintiffs' minimum wage claims (Counts I and II). *Id*. at 15-19. Defendants also failed to pay Plaintiffs the proper overtime rate (Counts III and IV). *Id*. at 20. The Court additionally granted Plaintiffs' partial summary judgment motion as to liability on the unlawful deduction claim (Count VII), and as to liability on Plaintiffs' Wage Theft Prevention Act claim (Count IX). *Id*. at 21-22. Finally, the Court granted Plaintiffs' motion for partial summary judgment as to liability on their liquidated damages claims pursuant to either the FLSA or the NYLL, whichever is greater, *id*. at 25, and held that Plaintiffs are entitled to prejudgment interest. *Id*. at 25-26.

### A. Spread of Hours Claim

Under New York law, employers must pay "one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required . . . for any day in which (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur." 12 N.Y.C.R.R. § 142-2.4. "Spread of hours" is defined as "the interval between the beginning and end of an employee's workday." *Id.* § 142-3.16. As explained above, the Court finds that Plaintiff Lopez regularly worked from 11:00 a.m. to 11:00 p.m. on Friday and Saturday and Plaintiff Campos regularly worked from 11:00 a.m. to 11:00 p.m. on Sunday. The Court also finds that Defendants did not even pay the Plaintiffs minimum wage, and therefore Plaintiffs are entitled to "spread of hours" pay for these days. *See Espinoza v. Broadway Pizza & Rest. Corp.*, No. 17-CV-7995 (RA)

(KHP), 2021 WL 7903991, at *8 (S.D.N.Y. Nov. 18, 2021), *adopted by*, 2022 WL 977068 (S.D.N.Y. Mar. 31, 2022); *see also* 12 N.Y.C.R.R. § 142-2.4.

### B. Illegal Tip Retention Claim

Under NYLL § 196-d, "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." N.Y. Lab. Law § 196-d. As explained above, the Court finds that although Plaintiffs received all of the cash tips given to them directly by customers, Defendants only gave them a portion of the tips that customers left on credit cards, keeping the rest, which amounted to at least $25 per week retained by MNAF. Therefore, Defendants have violated NYLL § 196-d and Plaintiffs are entitled to damages.

### C. Failure to Pay Wages Claim

NYLL § 191(1)(a) provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a); *Myers v. Hertz Corp.,* 624 F.3d 537, 543 (2d Cir.2010) (stating that N.Y. Lab. Law § 191 "guarantees the timely payment of wages by employers"). Mr. Campos testified that Defendants failed to pay him his last week of wages, which amounted to $130. As explained above, the Court finds that Defendants failed to pay Plaintiff Campos for his last week of wages. Therefore, Defendants are liable as to Plaintiff's NYLL § 191 claim.

### IV.  Calculation of Damages

Plaintiffs failed to submit a damages calculation. Therefore, the Plaintiffs are ordered to submit a damages calculation on or by **April 20, 2023**. Defendants may file a response on or by **May 9, 2023**, noting any differences they may have. The damages calculation may rely only on

the factual and legal findings above and may not introduce any new facts or legal arguments not raised before or during trial. If Plaintiffs move for attorney's fees, the parties are directed to adhere to the same deadlines set for the damages calculation.

## CONCLUSION

For the reasons above, Defendants are found liable as to all of of Plaintiffs' claims.

**Dated: March 30, 2023**
    **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**