USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/13/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
IVAN LOPEZ and KEVIN CAMPOS,                          :
                                                      :
                            Plaintiffs,               :
                                                      :        18-cv-06033 (ALC)
           -against-                                  :
                                                      :        ORDER AND JUDGMENT
                                                      :
MNAF PIZZERIA, INC., and MUSA                         :
NESHEIWAT,                                            :
                                                      :
                            Defendants.               :
-------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

Plaintiffs Ivan Lopez ("Mr. Lopez") and Kevin Campos ("Mr. Campos) (collectively, "Plaintiffs") bring this action against MNAF Pizzeria, Inc. ("MNAF") and Musa Nesheiwat ("Mr. Nesheiwat") (collectively, "Defendants") asserting claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190, 650 *et seq.*, and the New York Wage Theft Prevention Act, N.Y. Lab. Law § 195. Plaintiffs bring the following claims: (1) minimum wage claim under the FLSA ("Count I"); (2) minimum wage claim under the NYLL ("Count II"); (3) overtime claim under the FLSA ("Count III"); (4) overtime claim under the NYLL ("Count IV"); (5) spread of hours claim under the NYLL ("Count V"); (6) illegal tip retention under the NYLL ("Count VI"); (7) unlawful deduction claim under the NYLL ("Count VII"); (8) failure to pay wages claim under the NYLL ("Count VIII"); and a (9)New York Wage Theft Protection Act claim ("Count IX"). Pending before the Court is Plaintiffs' request for damages, ECF No. 142, and motion for attorney's fees, ECF No. 143.

### BACKGROUND

The Court assumes the readers' familiarity with the factual background of this matter as explained in this Court's opinion resolving the Plaintiff's motion for partial summary judgment,

ECF No. 98, and the Court's findings of facts and conclusions of law issued pursuant to Fed. R. Civ. P. 52(a), ECF No. 140.

Plaintiff Lopez filed the initial complaint on July 6, 2018. ECF No. 1. On May 1, 2019, Plaintiffs filed an amended complaint, adding Plaintiff Campos. ECF No. 33. On May 18, 2020, Plaintiffs moved for partial summary judgement as to liability. ECF No. 82. On March 25, 2021, the Court entered its opinion and order granting in part and denying in part Plaintiffs' motion for partial summary judgment. *See* Summary Judgment Opinion, ECF No. 98.

In its Summary Judgment Opinion, the Court found that Plaintiffs qualify as covered employees under the FLSA and the NYLL and that Defendant Nesheiwat is personally liable for the Plaintiffs' claimed violations of the FLSA and the NYLL. *Id*. at 8-10. The Court also found that Defendants cannot claim a tip credit and that that they were liable as to Plaintiffs' minimum wage claims (Counts I and II). *Id*. at 15-19. The Court also held that Defendants failed to pay Plaintiffs the proper overtime rate (Counts III and IV). *Id*. at 20. The Court additionally granted Plaintiffs' partial summary judgment motion as to liability on the unlawful deduction claim (Count VII), and as to liability on Plaintiffs' Wage Theft Prevention Act claim (Count IX). *Id*. at 21-22. Finally, the Court granted Plaintiffs' motion for partial summary judgment as to liability on their liquidated damages claims pursuant to either the FLSA or the NYLL, whichever is greater, *id*. at 25, and held that Plaintiffs were entitled to prejudgment interest. *Id*. at 25-26.

A bench trial was held on July 11 and July 13, 2022 to resolve factual issues related to damages as to Count I, Count II, Count III, Count IV, Count VII, and Count IX, including liquidated damages. The bench trial also addressed Plaintiffs' spread of hours claim under the NYLL (Count V), illegal tip retention claim under the NYLL (Count VI), and failure to pay wages claim under the NYLL (Count VIII). On March 30, 2023, Court issued an Opinion and Order

pursuant to Fed. R. Civ. P. 52(a) finding Defendants liable as to Plaintiff's spread of hours claim under the NYLL (Count V), illegal tip retention claim under the NYLL (Count VI), and failure to pay wages claim under the NYLL (Count VIII). *See* Bench Trial Opinion, ECF No. 140 at 6-7. Therefore, as explained in the Bench Trial Opinion, Defendants were found liable as to all of Plaintiffs' claims. *Id*. at 8.

Because the Plaintiffs failed to submit a damages calculation, the Court also ordered Plaintiffs to submit a damages calculation on or by April 20, 2023. *Id*. The Court directed the Plaintiffs to follow this deadline if they wished to move for attorney's fees. *Id*. The parties were instructed that the damages calculation could rely only on the Court's factual and legal findings and that they could not introduce any new facts or legal arguments not raised before or during trial. *Id*.

Following Plaintiffs' failure to comply with this deadline, the Court *sua sponte* extended Plaintiff's deadline until May 1, 2023, and directed Defendants to respond on or by May 22, 2023, noting any differences they may have. ECF No. 141. On May 1, 2023, Plaintiffs filed a letter and exhibits reflecting Plaintiffs' damages calculations. *See* Damages Statement, ECF No. 142. On that same day, Plaintiffs moved for an award of attorneys' fees and costs in accordance with Fed. R. Civ. P. 54(d) and pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and New York Labor Law § 198. Defendants failed to comply with the Court's deadline. Accordingly, on October 5, 2023, the Court ordered Defendants to show cause why Plaintiffs' motion and damages calculation should not be deemed unopposed. To date Defendants have not responded. Therefore, Plaintiff's request for damages and their motion for attorney's fees are deemed unopposed.

**STANDARD**

I. **Damages Calculation**

To calculate overtime wages owed under the FLSA and NYLL, the court must first determine the "regular rate" the plaintiff received. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.16. The "regular rate" is important for calculating damages, including overtime pay, which is one and a half times the "regular rate." *See Caltenco v. G.H. Food Inc.*, 824 F. App'x 88, 89 (2d Cir. 2020) (summary order) (citing 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. §§ 142-2.2, 146-1.4).

Under the FLSA, the regular rate is "the hourly rate actually paid the employee for the normal nonovertime workweek for which he is employed." 29 C.F.R. § 778.108. "If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if [the employee] receives no other form of compensation for services, [the employee's] regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked." *Id.* § 778.112. The employee "is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek." *Id.*

Under the NYLL, "[i]f an employer fails to pay an employee an hourly rate of pay, the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 N.Y.C.R.R. § 146-3.5(b). "[I]f an employee's 'regular rate' is below the required minimum wage, the employee's overtime rate is calculated using the required minimum wage as the 'regular rate.'" *Peralta v. M & O Iron Works, Inc.*, No. 12-CV-3179 (ARR) (RLM), 2014 WL 988835, at *7 (E.D.N.Y. Mar. 12, 2014).

"Pursuant to the FLSA and NYLL, an employee is entitled to at least the minimum wage for the first 40 hours worked per week." *Rodriguez v. Yayo Rest. Corp.*, No. 18-CV-4310 (FB) (PK), 2019 WL 4482032, at *6 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted*, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019) (quoting *Melgadejo v. S & D Fruits & Vegetables Inc.*, No. 12-CIV-6852 (RA) (HBP), 2015 WL 10353140, at *8 (S.D.N.Y. Oct. 23, 2015), *report and recommendation adopted*, 2016 WL 554843 (S.D.N.Y. Feb. 9, 2016)). A "[p]laintiff is entitled to recover the higher of the applicable federal or state minimum wage." *Id*.

Although prejudgment interest is not awarded where FLSA liquidated damages are awarded, "prejudgment interest is still appropriate where a plaintiff is awarded liquidated damages under the NYLL." *Morales v. MwBronx, Inc.*, No. 15 Civ. 6296 (TPG), 2016 WL 4084159, at *10 (S.D.N.Y. Aug. 1, 2016). "Prejudgment interest applies only to the amount of compensatory damages, and excludes the amount of liquidated damages." *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195 (LLS) (JLC), 2012 WL 1669341, at *11 (S.D.N.Y. May 14, 2012), *adopted by*, Order dated Aug. 9, 2012 (ECF No. 20).

**II.     Attorney's Fees**

"Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the FLSA or NYLL." *Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) (citing 29 U.S.C. § 216(b); NYLL §§ 198(l-a), 663(1)); see also *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 323 (S.D.N.Y. 2014). The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Similarly, NYLL provides that "[i]n any action instituted in the courts upon a wage claim by an employee or the commissioner in which

5

the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees." NYLL § 198(l-a).

To determine the amount of attorney's fees that should be awarded, a court must calculate the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-CV-871 (VVP), 2016 WL 6311868, at *1 (E.D.N.Y. Oct. 28, 2016). "[T]he 'presumptively reasonable fee' . . . is generally arrived at by multiplying 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Gortat v. Capala Brothers, Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The Court should also examine whether there are other 'case-specific considerations' that warrant an adjustment." *Vasquez v. NS Luxury Limousine Serv. Ltd.*, No. 18-CV-10219 (AJN), 2022 WL 377378, at *1 (S.D.N.Y. Feb. 8, 2022) (quoting *Arbor Hills*, 522 F.3d at 186); *see also Sevilla v. Nekasa Inc.*, No. 16-CV-2368 (AJP), 2017 WL 1185572, at *2 (S.D.N.Y. Mar. 30, 2017).

"Overall, a 'reasonable' fee is one 'that is sufficient to induce a capable attorney to undertake the representation of a meritorious [FLSA] case.'" *Vasquez*, 2022 WL 377378, at *1 (quoting *Sevilla*, 2017 WL 1185572, at *3); *see also Perdue v. Kenny A.*, 559 U.S. 542, 551-53 (2010). "An application for attorney's fees in this Circuit must be accompanied by contemporaneous billing records for each attorney documenting the date, the hours expended, and the nature of the work." *Quiroz*, 2016 WL 6311868, at *2 (citing *Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011)).

**DISCUSSION**

**I.      Damages**

As explained in the Court's findings of facts and conclusions of law following a bench trial, the Court found that Plaintiff Lopez (i) worked from January 2014 through November 2014, and then again from May 2015 to mid-October 2017; (ii) regularly worked 48 hours per week; (iii) regularly worked two shifts per week that lasted longer than ten hours between the start time and the end time; (iv) was paid $5.00 per hour during his employment; and (v) was not paid time and a half, and was not paid a spread of hours premium. *See* Bench Trial Opinion at 2-5. Additionally, the Court found that Plaintiff Campos (i) worked from August 2015 through September 2017; (ii) regularly worked 36 hours per week; (iii) regularly worked one shift per week that lasted longer than ten hours between the start time and the end time; (iv) was paid $5.00 per hour during his employment; (v) was not paid time and a half, and was not paid a spread of hours premium; and (vi) was not paid for his last week of work, amounting to $130.

The Court attaches Plaintiffs' damages calculations as an appendix. Both the FLSA and the NYLL require an employer to pay an overtime rate of one and one-half times the employee's "regular rate" of pay. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2. The Court calculates the appropriate overtime wages "by multiplying [Plaintiffs'] regular hourly rate (or the minimum wage rate, if [their] regular hourly rate falls below the minimum wage) by one and one-half," then by multiplying that rate "by the number of hours in excess of forty hours [they] worked each week." *Rosendo v. Everbrighten Inc.*, No. 13 Civ. 7256 (JGK) (FM), 2015 WL 1600057, at *4 (S.D.N.Y. Apr. 7, 2015). Additionally, under the NYLL, employers must pay covered employees one extra hour of compensation, at the basic minimum wage rate, for each day on which they worked more than ten hours. 12 N.Y.C.R.R. § 142-2.4(a). Spread of hours is defined as "the interval between

the beginning and end of an employee's workday" and "includes working time plus time off for meals plus intervals off duty." *Id.* § 142-2.18. An employee may recover spread-of-hours wages in addition to federal and state overtime wages. *See Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 339–41 (S.D.N.Y. 2005).

After reviewing the Plaintiffs' calculations and conducting an independent review of their calculations, the Court has determined the Plaintiff Lopez should be awarded $34,020.00 in minimum wages, $6,355.00 in overtime wages, and $3177.50 in "spread of hours" wages. Additionally, Plaintiff Campos should be awarded $18,180.00 in minimum wages, $1070.00 in "spread of hours" wages, and $130.00 in unpaid wages. Because the Court did not find that Campos worked more than 40 hours per week, he will not receive an award for overtime wages.

**II.     Liquidated Damages**

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages . . . [unless] the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing its acts or omissions did not violate the FLSA." *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008); see also 29 U.S.C. § 216(b). The employer bears the burden of establishing that liquidated damages should not be awarded. *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). "[B]ut the burden is a difficult one, with double damages being the norm and single damages the exception." *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999), (citing *Reich*, 121 F.3d at 71). "To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id*.

This Court has already held that Defendants have not met their burden in establishing that liquidated damages should not be awarded. *See* Summary Judgment Opinion at 23. Liquidated damages are calculated as "one hundred percent of the total amount of wages found to be due ..." NYLL § 198(1-a). Here, that is the sum of Plaintiffs' unpaid (i) minimum wages ($34,020.00 for Lopez and $18,180.00 for Campos); (ii) overtime wages ($6,355.00 for Lopez); (iii) spread-of-hours wages ($3,177.50 for Lopez and $1070.00 for Campos); and (iv) unpaid wages ($130.00 for Campos). Therefore, the Court awards Lopez a liquidated damages award of $43,552.50, and Campos and liquidated damages award of $19,380.00.

### III.  Statutory Damages

Each Plaintiff requests $10,000 for Defendants violation of the NYLL's wage notice requirement and pay stub requirement. Section 195(1) requires employers to give employees a notice stating their rate of pay, how they will be paid, and other information. Violations of § 195(1) mandate damages of $50 per workday, for a maximum of $5,000. N.Y. Lab. Law § 198 (1-b). Section 195(3) requires employers to give employees "a statement with every payment of wages," listing information including the dates of work covered by the payment, information identifying the employer and employee, details regarding the rate of pay and the overtime rate of pay, and the number of hours worked. Section 195(3) mandates damages of $250 per work day for violations, up to a maximum of $5,000. N.Y. Lab. Law § 198(1-d). The Court has already found Defendants liable for these violations and therefore each Plaintiff is awarded $10,000 in damages. *See* Summary Judgment Opinion at 21-22.

### IV.  Prejudgment Interest

Under New York law, prejudgment interest is awarded at the rate of nine percent per year. N.Y. C.P.L.R. § 5004. For damages occurring "at various times, interest shall be computed upon

each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001. "Simple prejudgment interest is calculated from a singular, midpoint date ... [and] by multiplying the principal by the interest rate by the time period—from a singular, midpoint date—up until and including the date judgment is entered." *Maldonado*, 2012 WL 1663941, at *11. The midpoint of a plaintiff's employment is often used as the date from which to calculate prejudgment interest in wage-and-hour cases. *See Suriel v. Cruz*, No. 20CIV8442VSBSLC, 2022 WL 1750232, at *17 (S.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, No. 20-CV-8442 (VSB), 2022 WL 1751163 (S.D.N.Y. May 31, 2022). For Plaintiff Lopez, the mid-point date is November 23, 2015, and for Plaintiff Campos, the mid-point date is August 30, 2016. The Court grants awards of prejudgment interest in following amounts:

Lopez:

| Principal | Interest Calculation | Interest Amount |
|---|---|---|
| $43,552.50 | 7.44 years * $43,552.50 * .09 | **$29,162.73** |

Campos:

| Principal | Interest Calculation | Interest Amount |
|---|---|---|
| $19,250.00 | 6.7 years * $19,250 * .09 | **$11,607.75** |

V.   **Attorney's Fees and Costs**

Plaintiffs have submitted contemporaneous billing records reflecting the work of two lawyers—David Stein (a "senior partner") and David Nieporent (a "senior associate" and "partner"). *See* Stein Decl., ECF No. 145. Plaintiffs were initially represented by the firm Samuel & Stein and later by its successor firm Stein & Nieporent LLP. Stein Decl. ¶ 1. Stein & Nieporent LLP billed hourly rates at $425 an hour for Mr. Stein, and $325 an hour for Mr. Nieporent. *Id*. ¶ 16. Additionally, Plaintiffs' counsel explained that "when an attorney performed work of a basic character, [he] reduced the attorney rate charged for that task to $125 per hour." *Id*. ¶ 11.

These records reflect that Plaintiffs' attorneys spent 221.6 hours on the case and billed, in total, $72,059.25, and incurred $3,776.14 in costs. *Id*. ¶¶ 21-22. Defendants have not opposed Plaintiffs' motion for attorney's fees and costs.

**A. The Hourly Rates are Reasonable**

In calculating the presumptively reasonable fee, the Court should examine whether the hourly rates billed by Plaintiffs' counsel are reasonable. *See Gortat*, 621 F. App'x at 22. A "reasonable hourly rate is the rate a paying client would be willing to pay." *Arbor Hills*, 522 F.3d at 190. The Court concludes that the hourly rates are reasonable.

Courts in this Circuit have awarded Mr. Stein and Mr. Nieporent rates similar to those requested here. *See Vasquez.*, 2022 WL 377378, at *2 (approving rates of $425 and $325 for Mr. Stein and Mr. Nieporent, respectively); *Solano v. Andiamo Cafe Corp.*, No. 1:19-CV-03264 (SN), 2021 WL 2201372, at *2 (S.D.N.Y. June 1, 2021) (approving rates of $425 and $325 for Mr. Stein and Mr. Nieporent, respectively); *Medina Baca et al. v. NB General Construction Corp. et al.*, 20-cv-4701 (CS), ECF No. 18 (same); *see also Severino v. 436 West LLC et al.*, 13-cv-3096 (VSB), ECF No. 80 at 6 (Apr. 19, 2018) (approving rates of $400 and $325 for Mr. Stein and Mr. Nieporent, respectively); *Perez-Luna v. Ageha Japanese Fusion, Inc. et al.*, No. 16-CV-6040 (AT), 2018 WL 8996336, at *2 (Sept. 28, 2018) (same); *Zhu v. Salaam Bombay, Inc. et al.*, No. 16-CV-4091 (JPO), 2019 WL 76706, at *2 (Jan. 2, 2019); (same); *Martinez et al. v. 2009 Bamkp Corp.*, No. 18-CV-7414 (GBD) (KNF), 2019 WL 7708607, at *6 (S.D.N.Y. Dec. 10, 2019), *report and recommendation adopted by* 2020 WL 409691 (S.D.N.Y. Jan. 23, 2020) (same); *Lopez et al. v. Ki Moon Restaurant, et al.*, No. 17-CV-6078 (LDH), 2021 WL 681710, at *3 (E.D.N.Y. Jan. 28, 2021), *report and recommendation adopted by* 2021 WL 681382 (E.D.N.Y. Feb. 22, 2021) (same). Moreover, several courts have found $425 to be a reasonable rate for senior partners with similar

experience to Mr. Stein. *See, e.g., Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK) (JLC), 2016 WL 4704917, at *20 (S.D.N.Y. Sept. 8, 2016) (collecting cases).

Accordingly, the Court finds that the attorneys' rates are reasonable.

### B. The Amount of Hours Expended Is Reasonable

"Next, the Court analyzes 'whether the amount of hours billed is reasonable.'" *Vasquez.*, 2022 WL 377378, at *2 (quoting *Sevilla*, 2017 WL 1185572, at *6). "A court has broad discretion to 'trim the fat' in an application for attorneys' fees, and to eliminate excessive or duplicative hours." *Quiroz*, 2016 WL 6311868, at *3 (citing *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d. Cir. 1988)). "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Sevilla*, 2017 WL 1185572, at *6 (citations and quotation marks omitted).

Here, Plaintiffs seek reimbursement for 221.6 hours litigating this case. Stein Decl. ¶ 21. Mr. Stein worked for 76.3 hours on the case, and Mr. Nieporent worked for 145.3 hours. See *id*. The tasks completed by Plaintiffs' counsel include, *inter alia*, preparing the amended complaint, preparing and reviewing discovery, conducting depositions, engaging in settlement discussions, briefing the Plaintiffs' motion for summary judgment, preparing for and participating in a two-day bench trial, and submitting post-trial briefing. *See* ECF No. 145-1. Given that this matter was taken from complaint to trial, the Court finds this number of hours to be reasonable.

Finding the hourly rates and amount of hours billed reasonable, the Court awards Plaintiffs the requested attorney's fees of $72,059.25.

### C. Reasonable Costs

Plaintiffs seek $3,776.14 in costs. Stein Decl. ¶ 22; ECF No. 145-2. These costs include a $400 filing fee, $150 in service fees, $2,229.47 in deposition fees, $630 in Spanish interpreter

costs, and $296.67 in travel fees. *See id*. Generally, a prevailing plaintiff in an action under the FLSA and NYLL is entitled to recover costs from the defendants, as long as those costs are tied to identifiable, out-of-pocket disbursements." *Aponte v. 5th Ave. Kings Fruit & Vegetables Corp.*, No. 20-CV-5625 (RLM), 2022 WL 17718551, at *10 (E.D.N.Y. Dec. 15, 2022) (internal citations and quotation marks omitted).

The Court finds the requested costs reasonable and supported by the record. *See id*.; *Hernandez v. JRPAC Inc.*, No. 14 CIV. 4176 (PAE), 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017); *Febus v. Guardian First Funding Group, LLC,* 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012). The Court therefore concludes that Plaintiffs are entitled to $3,776.14 in costs and $72,059.25 in attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court enters the following judgment:

(1) Plaintiff Lopez is awarded $97,105.00 in damages;

(2) Plaintiff Campos is awarded $48,760.00 in damages;

(3) Plaintiff Lopez is awarded $29,162.73 in pre-judgment interest;

(4) Plaintiff Campos is awarded $11,607.75 in pre-judgment interest; and

(5) Plaintiffs are awarded $72,059.25 in attorney's fees and $3,776.14 in costs.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  **October 13, 2023**
         **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**